SEDGWICK LLP
ROBERT F. HELFING  Bar No. 90418
robert.helfing@sedgwicklaw.com
HEATHER L. McCLOSKEY  Bar No. 193239
heather.mccloskey@sedgwicklaw.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone: (213) 426-6900
Facsimile: (213) 426-6921

Attorneys for Plaintiff
CELS ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELS ENTERPRISES, INC., a New York corporation, | CASE NO. **CV11-04706** ODW (JEMx) |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) INFRINGEMENT OF REGISTERED TRADEMARK;** |
| VIEWMARK U.S.A. INC., a New Jersey corporation, | **(2) TRADEMARK DILUTION;** |
| Defendant. | **(3) FALSE ADVERTISING;** |
| | **(4) COMMON LAW UNFAIR COMPETITION;** |
| | **(5) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 ET SEQ.; AND** |
| | **(6) BREACH OF CONTRACT;** |
| | **DEMAND FOR JURY TRIAL** |

Cels Enterprises, Inc. ("CELS") hereby complains against defendant

Viewmark U.S.A. Inc. ("VIEWMARK") as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the claims relating to trademark

rights under 15 U.S.C. §§ 1114, 1121(a) and 1125(a), and 28 U.S.C. §§ 1331,

1

1   1332 and 1338.  This Court has supplemental jurisdiction over the state court

2   claims asserted herein pursuant to 28 U.S.C. § 1367(a).

3       2.      Venue is proper in the Central District of California because the

4   parties consented to venue in that district, and a substantial part of the events

5   giving rise to the claims occurred herein.

## PARTIES

7       3.      Plaintiff CELS is, and at all times mentioned herein was, a New York

8   corporation with its principal place of business in Los Angeles, California.

9       4.      Defendant VIEWMARK is a New Jersey corporation with its

10  principal place of business in East Brunswick, New Jersey.

## FACTUAL BACKGROUND

12      5.      CELS has been engaged in the design, manufacturing, importation

13  and distribution of women's footwear under various labels and the licensing of

14  some of them for the manufacturing and distribution of handbags, small leather

15  goods, belts, sunglasses, hosiery, clothing and accessories, among other products,

16  for many years.

17      6.      CELS adopted, for the purpose of identifying its goods and

18  distinguishing them from the goods of other manufacturers, trademarks consisting

19  of the words "CHINESE LAUNDRY", alone and with stylized letters and/or

20  designs.  CELS distributes products using these trademarks throughout the United

21  States of America and the world.

22      7.      On December 17, 1993, Robert Goldman applied for registration of

23  the trademark "CHINESE LAUNDRY" in the United States Patent and Trademark

24  Office for use on shoes.  On November 1, 1994, Goldman was granted

25  Registration No. 1861027 for the trademark.  Goldman assigned all rights in this

26  trademark registration to CELS.  The registration is valid, subsisting, and

27  uncanceled.  A copy of the certificate of registration is attached hereto as Exhibit

28  "A" and incorporated by reference.

1    8.    On June 10, 2004, Robert Goldman applied for registration of the

2  trademark "CHINESE LAUNDRY" with stylized letters for use on handbags,

3  purses, coin purses, backpacks, luggage, clutch bags, make-up bags sold empty,

4  carry-on bags, wallets and duffel bags, among other things.  On March 7, 2006,

5  Goldman was granted Registration No. 3065149 for the trademark.  Goldman

6  granted CELS an exclusive trademark license for this registered mark.  The

7  registration is valid, subsisting, and uncanceled.  A copy of the certificate of

8  registration is attached hereto as Exhibit "B" and incorporated by reference.

9    9.    On December 5, 2005, Robert Goldman applied for registration of the

10  trademark "CHINESE LAUNDRY" in the United States Patent and Trademark

11  Office for use on all purpose sport bags, all-purpose athletic bags, all purpose

12  carrying bags, cosmetic bags sold empty, cosmetic cases sold empty, garment bags

13  for travel, handbags, hiking bags, shopping bags with wheels attached, shoulder

14  bags, tote bags and travel bags.  On May 29, 2007, Goldman was granted

15  Registration No. 3246484 for the trademark.  Goldman granted CELS an exclusive

16  trademark license for this registered mark.  The registration is valid, subsisting,

17  and uncanceled.  A copy of the certificate of registration is attached hereto as

18  Exhibit "C" and incorporated by reference.

19    10.    On December 14, 2007, Robert Goldman applied for registration of

20  the trademark "CHINESE LAUNDRY" with design for use on handbags, purses,

21  coin purses, backpacks, luggage, clutch bags, make-up bags sold empty, carry-on

22  bags, wallets and duffel bags.  On August 17, 2010, Goldman was granted

23  Registration No. 3833290 for the trademark.  Goldman granted CELS an exclusive

24  trademark license for this registered mark.  The registration is valid, subsisting,

25  and uncanceled.  A copy of the certificate of registration is attached hereto as

26  Exhibit "D" and incorporated by reference.

27    11.    On December 14, 2007, Robert Goldman applied for registration of

28  the trademark "CHINESE LAUNDRY" with design for use on sportswear,

LA/1027466v1                                    3

1   namely, shorts, pants, skirts, sweatshirts, shirts, jeans, T-shirts, tops, hosiery,

2   underwear, bras, corsets, panties, intimate apparel, and footwear.  On August 17,

3   2010, Goldman was granted Registration No. 3833291 for the trademark.

4   Goldman granted CELS an exclusive trademark license for this registered mark.

5   The registration is valid, subsisting, and uncanceled.  A copy of the certificate of

6   registration is attached hereto as Exhibit "E" and incorporated by reference.

7       12.    CELS has spent large sums of money in advertising and otherwise

8   promoting the sale of its products and has prominently featured the registered

9   trademarks in such promotional activities.

10      13.    CELS' products, sold under the above-mentioned trademarks, are of

11  high quality and, as a consequence, are well and favorably known to the trade and

12  public as being of the best quality and entitled to full confidence.  CELS'

13  trademarks are a primary means by which the products are identified as having

14  been produced and sold by CELS.

15      14.    CELS has built up and now has valuable good will connected with its

16  business, and this good will is symbolized by CELS' trademarks.

17      15.    CELS is informed and believes that VIEWMARK is a company that

18  manufactures and distributes handbags and small leather goods.

19      16.    On or about August 7, 2003, CELS and VIEWMARK entered into a

20  license agreement in which CELS granted VIEWMARK an exclusive license to

21  use CELS' registered trademark "CHINESE LAUNDRY", Registration No.

22  1861027, in connection with the design, manufacture, advertisement, promotion,

23  sale and distribution of handbags and small leather goods.  The parties agreed to

24  several written addendums to the agreement which, together with the August 7,

25  2003 license agreement, shall be referenced herein as the "License Agreement".

26      17.    The License Agreement provided that VIEWMARK could distribute

27  goods bearing the CHINESE LAUNDRY mark only to retailers specified in the

28  License Agreement (including addendums thereto).

18.   The License Agreement provided that all goods bearing the CHINESE LAUNDRY mark to be distributed by VIEWMARK had to be submitted to CELS for approval.

19.   The License Agreement provided that the CHINESE LAUNDRY mark could be used only on products approved by CELS.

20.   The License Agreement provides that all intellectual property rights (including trademark, design, patent and copyright rights) associated with products submitted to CELS by VIEWMARK for approval as products upon which the CHINESE LAUNDRY mark can be used, vest in and belong solely to CELS.

21.   The License Agreement further provided that VIEWMARK would maintain the products approved by CELS to carry the CHINESE LAUNDRY mark as separate and distinct lines in styling, design and merchandising from all other products manufactured, sold or distributed by or for VIEWMARK.

22.   Pursuant to the License Agreement, VIEWMARK was obligated to account to CELS on a quarterly basis for sales of products bearing the CHINESE LAUNDRY mark.  VIEWMARK was also obligated to remit payment of royalties due CELS on a quarterly basis.

23.   The parties agreed to written addendums to the License Agreement which extended the term of the agreement for several years, up to and including February 28, 2010.

24.   The License Agreement terminated on February 28, 2010.  Per the terms of the License Agreement, VIEWMARK was permitted to sell existing inventory for a period not to exceed 6 months following termination, or until August 31, 2010.

25.   VIEWMARK sold and, on information and belief continues to sell, products bearing the CHINESE LAUNDRY mark after August 31, 2010.

26.   VIEWMARK sold and, on information and belief continues to sell, products bearing the CHINESE LAUNDRY mark which were never submitted to CELS for approval.

27.   VIEWMARK sold and, on information and belief continues to sell, products bearing the CHINESE LAUNDRY mark which were submitted to CELS for approval, but which were never approved by CELS.

28.   VIEWMARK sold and, on information and belief continues to sell, products bearing other marks, including its own "CHOCOLATE" mark, of the same styling, design and merchandising as products that were submitted to CELS for approval.

29.   VIEWMARK sold and, on information and belief continues to sell, products bearing other marks, including its own "CHOCOLATE" mark, of the same styling, design and merchandising as products that were sold bearing the CHINESE LAUNDRY mark.

30.   VIEWMARK sold and, on information and belief continues to sell, products bearing the CHINESE LAUNDRY mark to entities other than retailers to whom CELS authorized such sales under the License Agreement.

31.   VIEWMARK failed to accurately account to CELS for sales made of products bearing the CHINESE LAUNDRY mark and royalties due under the License Agreement.

32.   On or about March 9, 2011, CELS contacted VIEWMARK and demanded that VIEWMARK cease its infringing activity.  CELS also demanded that VIEWMARK deliver all products bearing the CHINESE LAUNDRY mark to CELS, account to CELS for all revenues and profits earned by VIEWMARK since September 1, 2010 by use of the CHINESE LAUNDRY mark, and list all accounts and customers who have contacted or purchased goods from VIEWMARK bearing the CHINESE LAUNDRY mark since September 1, 2010.

33.   Despite CELS' demands, VIEWMARK's infringing activities have continued and VIEWMARK has also failed to provide CELS with the requested information.

## FIRST CLAIM FOR RELIEF

### (Infringement of Registered Trademarks under 15 U.S.C. §1117)

34.   Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

35.   The foregoing registered trademarks are distinctive of goods originating with CELS.  Through sales and advertising, the marks have become associated in the minds of consumers with CELS' products.

36.   Defendant made unauthorized use of counterfeit marks identical to or substantially indistinguishable from CELS' CHINESE LAUNDRY trademarks.

37.   Defendant's use of the registered trademarks after August 31, 2010 and continuing use of the registered trademarks is unauthorized.

38.   Defendant's use of the registered trademarks on goods not submitted to or approved by CELS is unauthorized.

39.   Defendant's use of the registered trademarks is likely to cause and, on information and belief, has actually caused confusion in the marketplace by creating the false and mistaken impression that Defendant's infringing products are affiliated, connected or associated with Plaintiff, or that they originate with, or are sponsored or approved by Plaintiff.

40.   Defendant's use of the registered trademarks has caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiff in the diminution of value and goodwill of the marks, and in the impairment to serve as designation of source, for which Plaintiff has no adequate legal remedy. Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

LA/1027466v1

1     41.    As a direct and proximate result of Defendant's wrongful conduct,

2  Plaintiff has been and will continue to be damaged by, without limitation, a

3  diminution in value of the registered trademarks and in its reputation and

4  goodwill, in an amount to be proven at trial.

5     42.    Defendant intentionally used the CHINESE LAUNDRY marks

6  knowing they were counterfeit marks when used in connection with products not

7  approved by CELS.

8     43.    Defendant's wrongful use of the registered trademarks was and

9  continues to be knowing, deliberate, willful, fraudulent and without extenuating

10  circumstances.  Plaintiff is therefore entitled to recover three times the amount of

11  actual damages, statutory damages and attorney's fees and costs incurred in this

12  action, and Defendant's profits from the sale of infringing goods.

13               **SECOND CLAIM FOR RELIEF**

14     **(Dilution of Trademarks under 15 U.S.C. §1125(c))**

15     44.    Plaintiff incorporates the allegations of each foregoing paragraph as

16  though fully set forth herein.

17     45.    Through the Defendant's unauthorized use of the trademarks, Defendant

18  has intended to cause, has caused, and is likely to continue to cause dilution of the

19  distinctive quality of those marks in violation of 15 U.S.C. §1125(c).

20     46.    The acts of Defendant are intended to trade upon Plaintiff's

21  reputation, and are likely to tarnish or injure Plaintiff's business reputation.

22     47.    Unless enjoined by this Court, Defendant's use of the foregoing

23  trademarks will continue to cause, irreparable and continuing harm to Plaintiff in the

24  diminution of the value and goodwill, and in the impairment to serve as a

25  designation of source, for which Plaintiff has no adequate legal remedy.

26  Accordingly, Plaintiff is entitled to provisional, preliminary and permanent

27  injunctive relief to compel cessation of all infringing and otherwise harmful conduct.

28     48.    As a direct and proximate result of Defendant's wrongful conduct,

1    Plaintiff has been and will continue to be damaged by, without limitation, a

2    diminution in the value of the trademarks and in its reputation and goodwill, in an

3    amount to be proven at trial.

4        49.    Defendant's wrongful use of the trademarks is knowing, deliberate,

5    willful, fraudulent and without extenuating circumstances.  Plaintiff is therefore

6    entitled to recover three times the amount of actual damages, as well as attorney's

7    fees and costs incurred in this action, and Defendant's profits from the sale of

8    infringing goods.

9                           **THIRD CLAIM FOR RELIEF**

10                          **(Common Law Unfair Competition)**

11       50.    Plaintiff incorporates the allegations of each foregoing paragraph as

12   though fully set forth herein.

13       51.    Defendant's conduct constitutes unfair competition in that it offends

14   established public policy and is immoral, unethical, oppressive, unscrupulous,

15   injurious to consumers.

16       52.    The acts of unfair competition alleged herein were committed with

17   oppression, fraud and malice.  Plaintiff requests the imposition of exemplary

18   damages pursuant to California Civil Code §3294.

19                          **FOURTH CLAIM FOR RELIEF**

20      **(Violation of California Business & Professions Code §17200 et seq.)**

21       53.    Plaintiff incorporates the allegations of each foregoing paragraph as

22   though fully set forth herein.

23       54.    Defendant's misconduct constitutes unlawful, unfair or fraudulent

24   business acts or practices within the meaning of California Business & Professions

25   Code §17200.

26       55.    Defendant's wrongful conduct has caused and, if not enjoined, will

27   continue to cause irreparable and continuing harm to Plaintiff, for which it has no

28   adequate legal remedy.

# FIFTH CLAIM FOR RELIEF

## (Breach of Contract)

56.     Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

57.     CELS has performed all conditions required under the terms of the License Agreement, or its performance has been excused.

58.     VIEWMARK breached the terms of the License Agreement by the following:

        a.     Failing to accurately account to CELS for sales of goods bearing the CHINESE LAUNDRY marks;

        b.     Failing to pay royalties due CELS from sales of goods bearing the CHINESE LAUNDRY marks;

        c.     Selling products bearing the CHINESE LAUNDRY marks which were never submitted to CELS for approval;

        d.     Selling products bearing the CHINESE LAUNDRY mark which were submitted to CELS for approval, but which were never approved by CELS;

        e.     Selling products bearing other marks, including its own "CHOCOLATE" mark, of the same styling, design and merchandising as products that were submitted to CELS for approval; and

        f.     Selling products bearing the CHINESE LAUNDRY marks to entities other than the retailers to whom CELS authorized such sales under the License Agreement.

59.     The License Agreement terminated on February 28, 2010 pursuant to its terms.  VIEWMARK's permission to advertise and sell remaining products bearing the CHINESE LAUNDRY marks terminated on August 31, 2010 pursuant to the terms of the License Agreement.

1     60.     VIEWMARK has further breached the License Agreement by

2   continuing to advertise and sell products bearing the CHINESE LAUNDRY marks

3   after August 31, 2010.

4     61.     CELS has been harmed by VIEWMARK's breach of the License

5   Agreement.

6     62.     The total amount of damages suffered by CELS is presently

7   unknown, but is not less than $200,000, plus interest.

8                     **PRAYER FOR RELIEF**

9     Wherefore, Plaintiff CELS prays for relief as follows:

10     1.     That the defendant, its officers, agents, servants, employees, and

11   attorneys, assigns and all persons in active concert with or participation with them

12   be preliminarily and permanently enjoined and restrained from:

13               a.     Using the CHINESE LAUNDRY marks alone or in combination

14                       with other words, as a trademark or trade name, component or

15                       otherwise, to advertise or identify Defendant's goods;

16               b.     Otherwise infringing on Plaintiff's marks;

17               c.     Causing likelihood of confusion, injury to business reputation,

18                       or dilution of the distinctiveness of Plaintiff's marks, symbols,

19                       labels, or forms of advertising or promotion; and

20               d.     Manufacturing, reproducing, distributing, adapting, displaying,

21                       advertising, promoting, offering for sale and/or selling any

22                       products that are substantially similar to the copyrighted

23                       handbag designs.

24     2.     That the Defendant be required to deliver to CELS' attorneys for

25   destruction, all products, literature, advertisements, and other materials bearing the

26   infringing designations as well as any products with a substantially similar design

27   to any products presented to CELS;

28

1    3.    For an award of actual damages in an amount to be proven at trial, but

2    no less than $200,000;

3    4.    For an award of Defendant's profits;

4    5.    For an award of statutory damages under  15 USCA §1117(c);

5    6.    For an award of enhanced damages under 15 USCA §1117(b);

6    7.    For punitive and exemplary damages under California Civil Code

7    §3294;

8    8.    For an award of attorney's fees pursuant to 15 USCA §1117(a);

9    9.    For an award of pre-judgment interest at the maximum rate allowed

10   by law;

11   10.    For the costs of this suit; and

12   11.    For such additional and further relief as this Court deems just and

13   proper.

14

15   Dated: June 2, 2011            SEDGWICK LLP

16

17                                 By: _Heather L. McCloskey_____
                                        Robert F. Helfing
18                                      Heather L. McCloskey
                                        Attorneys for Plaintiff
19                                      CELS ENTERPRISES, INC.

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2        Cels Enterprises, Inc. hereby demands a trial by jury on all issues triable by

3  jury.

4

5  Dated: June 2, 2011                    SEDGWICK LLP

6

7                              By: _Heather L. McCloskey_____

8                                  Robert F. Helfing
                                   Heather L. McCloskey
9                                  Attorneys for Plaintiff
                                   CELS ENTERPRISES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,861,027
Registered Nov. 1, 1994

## TRADEMARK
### PRINCIPAL REGISTER

## CHINESE LAUNDRY

GOLDMAN, ROBERT L. (UNITED STATES CITIZEN)
612 NORTH BEDFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: SHOES, IN CLASS 25 (U.S. CL. 39).

FIRST USE 4-1-1983; IN COMMERCE 4-1-1983.

SER. NO. 74-471,892, FILED 12-17-1993.

PAUL KRUSE, EXAMINING ATTORNEY

EXHIBIT B

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

## United States Patent and Trademark Office

Reg. No. 3,246,484

Registered May 29, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# Chinese Laundry

GOLDMAN, ROBERT L. (UNITED STATES IN-
DIVIDUAL)
612 N. BEDFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: ALL PURPOSE SPORT BAGS; ALL-PUR-
POSE ATHLETIC BAGS; ALL-PURPOSE CARRYING
BAGS; COSMETIC BAGS SOLD EMPTY; COSMETIC
CASES SOLD EMPTY; GARMENT BAGS FOR TRA-
VEL; HANDBAGS; HIKING BAGS; SHOPPING
BAGS WITH WHEELS ATTACHED; SHOULDER
BAGS; TOTE BAGS; TRAVEL BAGS, IN CLASS 18
(U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 11-1-2005; IN COMMERCE 11-1-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-767,079, FILED 12-5-2005.

PATRICIA EVANKO, EXAMINING ATTORNEY

EXHIBIT C

Int. Cls.: 9, 16, 18, 21 and 25

Prior U.S. Cls.: 1, 2, 3, 5, 13, 21, 22, 23, 26, 29, 30, 33, 36, 37, 38, 39, 40, 41 and 50

**Reg. No. 3,065,149**

## United States Patent and Trademark Office

Registered Mar. 7, 2006

## TRADEMARK
### PRINCIPAL REGISTER



GOLDMAN, ROBERT L. (UNITED STATES IN-DIVIDUAL)
612 N. BEDFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: SUNGLASSES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-4-1983; IN COMMERCE 1-4-1983.

FOR: PAPER STATIONERY; NOTEBOOKS, PENS, PENCILS, STATIONERY-TYPE PORTFOLIOS; LET-TERHEAD STATIONERY, NOTEPADS, ENVEL-OPES, CALENDARS; DESKTOP ACCESSORIES, NAMELY, DESK CALENDARS, DESK FILE TRAYS, DESK STANDS AND HOLDERS FOR PENS AND PENCILS; DESK TOP ORGANIZERS, DESK PADS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-4-1983; IN COMMERCE 1-4-1983.

FOR: BAGS, NAMELY, HANDBAGS, PURSES, COIN PURSES, BACKPACKS, LUGGAGE, CLUTCH BAGS, MAKE-UP BAGS SOLD EMPTY, CARRY-ON BAGS, WALLETS AND DUFFEL BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 1-4-1983; IN COMMERCE 1-4-1983.

FOR: LUNCH BOXES, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 1-4-1983; IN COMMERCE 1-4-1983.

FOR: SPORTSWEAR, NAMELY, VISORS, PANTS, SKIRTS, SWEATSHIRTS, SHIRTS, JEANS, T-SHIRTS AND TOPS; INTIMATE APPAREL, NAMELY, UN-DERWEAR, BRAS, CORSETS AND PANTIES; HOSI-ERY, ROBES, SLEEPWEAR, LOUNGEWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-4-1983; IN COMMERCE 1-4-1983.

THE MARK CONSISTS OF THE LARGE STY-LIZED LETTERS "CL" BEHIND THE MARK.

SER. NO. 78-433,422, FILED 6-10-2004.

RUSS HERMAN, EXAMINING ATTORNEY

EXHIBIT D

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,833,290**

**Registered Aug. 17, 2010**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

GOLDMAN, ROBERT L. (UNITED STATES INDIVIDUAL)
612 N. BEDFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: BAGS, NAMELY, ALL-PURPOSE CARRYING HANDBAGS; PURSES; COIN-PURSES; BACK-PACKS; LUGGAGE; CLUTCHES; MAKE-UP BAGS, NAMELY, MAKE-UP BAGS SOLD EMPTY; CARRY-ONS, NAMELY, CARRY-ON BAGS; WALLETS; DUFFEL BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 8-1-2006; IN COMMERCE 1-1-2007.

OWNER OF U.S. REG. NOS. 1,861,027, 3,065,149, AND 3,246,484.

THE MARK CONSISTS OF A COMPOSITE DESIGN FEATURING FLOWERS, SHOES, LEGS WITH HIGH-HEELED SHOES ON THEM, INSECTS, A BUTTERFLY, AND A WOMAN'S FACE. A HUMMINGBIRD APPEARS IN THE LEFT-HAND CORNER. UNDER THE LEGS, THE WORDS "CHINESE LAUNDRY" APPEAR INSIDE AN OVAL.

SER. NO. 77-352,911, FILED 12-14-2007.

CHRISTINE MARTIN, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

EXHIBIT E

# United States of America

## United States Patent and Trademark Office



Reg. No. 3,833,291

Registered Aug. 17, 2010

Int. Cl.: 25

TRADEMARK

PRINCIPAL REGISTER

GOLDMAN, ROBERT L. (UNITED STATES INDIVIDUAL)
612 N. BEDFORD DRIVE
BEVERLY HILLS, CA 90210

FOR: SPORTSWEAR, NAMELY, SHORTS, PANTS, SKIRTS, SWEATSHIRTS, SHIRTS, JEANS, T-SHIRTS, TOPS, HOSIERY, UNDERWEAR, BRAS, CORSETS, PANTIES, INTIMATE APPAREL, NAMELY, TEDDIES; ROBES, SLEEPWEAR, LOUNGEWEAR; HEADGEAR, NAMELY, HEADWEAR; AND FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-1-2006; IN COMMERCE 1-1-2007.

OWNER OF U.S. REG. NOS. 1,861,027, 3,065,149, AND 3,246,484.

THE MARK CONSISTS OF A COMPOSITE DESIGN FEATURING FLOWERS, SHOES, LEGS WITH HIGH-HEELED SHOES ON THEM, INSECTS, A BUTTERFLY, AND A WOMAN'S FACE. A HUMMINGBIRD APPEARS IN THE LEFT-HAND CORNER. UNDER THE LEGS, THE WORDS "CHINESE LAUNDRY" APPEAR INSIDE AN OVAL.

SER. NO. 77-352,922, FILED 12-14-2007.

CHRISTINE MARTIN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV11- 4706 ODW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

SEDGWICK LLP
Robert F. Helfing    Bar No. 90418
robert.helfing@sedgwicklaw.com
Heather L. McCloskey    Bar No. 193239
heather.mccloskey@sedgwicklaw.com
801 S. Figueroa St. 19th Floor
Los Angeles, CA 90017-5556
Telephone: (213) 426-6900 Facsimile: (213) 426-6921

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| CELS ENTERPRISES, INC., a NewYork corporation, <br> PLAINTIFF(S) <br><br> V. <br><br><br> VIEWMARK U.S.A. INC., a New Jersey corporation, <br> DEFENDANT(S). | **CV11-04706**ODW (JEMx) <br><br><br> **SUMMONS** |

TO:DEFENDANT(S): <u>VIEWMARK U.S.A. INC.</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Robert F. Helfing and Heather L. McCloskey of Sedgwick LLP</u>, whose address is <u>801 S. Figueroa St., 19th Floor, Los Angeles, California 90017</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN - 2 2011

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Cels Enterprises, Inc., a New York corporation | **DEFENDANTS**<br>Viewmark U.S.A., Inc., a New Jersey corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>SEDGWICK LLP<br>Robert F. Helfing<br>Heather L. McCloskey<br>801 S. Figueroa St., 19th 'Fl., Los Angeles, CA 90017<br>Tel. (213) 426-6900   Fax (213) 426-6921 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1117 trademark infringement and related claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV11-04706**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.<br>www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Heather L. McCloskey_      Date  June 2, 2011
                                          Heather L. McCloskey

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com